IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE ROBERT PATRON, | § | |
| TDCJ-CID NO.1176158, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-05-3606 |
| | § | |
| DOUG DRETKE, TDCJ-CID Director | § | |
| Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Joe Robert Patron, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary proceeding that resulted in the loss of commissary privileges, cell restriction, solitary confinement, and a reduction in line class status. Petitioner contends he was denied due process of law because disciplinary procedures were not followed, there were no witnesses to the altercation, and substitute counsel rendered ineffective assistance.  (Docket Entries No.1, No.2).

### Discussion

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief.  *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  Because the disciplinary sanctions imposed in this case do not implicate a liberty interest, petitioner is not entitled to federal habeas relief on his due process claims.  Therefore, the Court will dismiss this habeas petition and deny all pending motions.

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a

liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995). Petitioner indicates that he is eligible for mandatory supervision but he did not lose any good time credits as a result of the disciplinary conviction. The other changes in petitioner's confinement, *i.e.*, loss of commissary privileges, cell restriction, solitary confinement, and reduction in line class status do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause. *See Madison*, 104 F.3d at 768 (loss of commissary privileges and cell restriction); *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (confinement in administrative segregation); *Malchi*, 211 F.3d at 959; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1996) (loss of opportunity to earn good time credits). Because none of the disciplinary sanctions imposed in this case deprive petitioner of a protected liberty interest, his claims do not implicate due process concerns. Therefore, his habeas petition does not present a cognizable basis for habeas relief and will be summarily dismissed.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability from this decision will not issue.

Conclusion

Accordingly, the court ORDERS the following:

1. Petitioner's application for writ of habeas corpus (Docket Entry No.1) is DENIED.

2. This action is DISMISSED with prejudice for failure to state a claim.

3. A certificate of appealability is DENIED.

4. Petitioner's application to proceed *in forma pauperis* (Docket Entry No.3) is DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on December 21, 2005.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE